

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|   |   |
|---|---|
| IN RE ) | |
| ) | |
| MARY M. LeBLANC, ) | CASE NO. 08-33282-H3-13 |
| ) | |
| Debtor ) | |

### MEMORANDUM OPINION

The court has held a hearing on the Motion for Relief From The Stay (Docket No. 110) filed by HK Investment Partnership, Ltd, together with the response (Docket No. 112) filed by Mary M. LeBlanc, Debtor. The following are the Findings of Fact and Conclusions of Law of the court and a separate Judgment will be entered conditioning the automatic stay. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

Debtor filed her Chapter 13 bankruptcy proceeding on May 23, 2008 and the plan was confirmed on August 28, 2008. Debtor subsequently amended the plan on May 4, 2010. Debtor claimed the real property located at 3227 Cliffdale Street,

Houston, Texas 77091 as exempt.  HK Investment Partnership, Ltd, Movant, holds a security interest in the property and concedes that Debtor has approximately $5,712.13 equity in the property. Movant's Exhibit No. 1, Docket No. 110.

HK Investment Partnership, Ltd seeks relief from the automatic stay on the basis that Debtor has not paid the real property taxes for 2009 and 2010 and has failed to provide a certificate of insurance reflecting insurance coverage on the property as required under the Debtor's Deed of Trust.  Debtor opposes.  At the evidentiary hearing, Movant only addressed the Debtor's failure to pay the property taxes and did not pursue lifting of the stay on the basis of Debtor's failure to provide a certificate of insurance.

Debtor testified that her current plan payments are $980.00 per month and she has approximately 16 months remaining before completion of her plan.  She testified that she planned to use her 2011 income tax return to pay the property taxes for 2011.  Debtor testified that she did not know the amount she would be receiving as a tax refund for 2011.  Debtor testified that as to the 2009 and 2010 taxes, she would like to modify her plan to include payment of those amounts.  Debtor testified that, in order to provide for an increased plan payment, she would continue to seek additional employment and has the option of

moving in with her daughter which will allow her to rent out her house.

In the instant case, the court finds that Debtor has offered adequate protection in the form of modifying her plan to include payment of the taxes for 2009 and 2010. As to the 2011 taxes, because of the contingent nature of receiving a refund and the amount thereof, and Debtor's not having used her 2009 or 2010 tax refunds to pay Movant, the court finds that this proposal does not provide Movant with adequate protection that the 2011 taxes will be paid.

## Conclusions of Law

Under Section 362(d)(1) of the Bankruptcy Code, the court shall grant relief, such as by terminating, annulling, modifying, or conditioning the stay, for cause. Cause is not defined in the Code, and must be determined on a case by case basis based on an examination of the totality of circumstances. *In re Reitnauer*, 152 F.3d 341, 343 n. 4 (5th Cir. 1998); *In re Mendoza*, 111 F.3d 1264 (5th Cir. 1997).

The party requesting relief has the burden of proof on the issue of the debtor's equity in the property. The party opposing relief has the burden of proof on all other issues. 11 U.S.C. § 362(g).

Based on the foregoing, a separate Judgment will be entered conditioning the automatic stay upon modifying the plan to provide for payment of the 2009, 2010, and 2011 taxes.

Signed at Houston, Texas on this 23rd day of December, 2011.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE